IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GINETTE RICHARDSON                                                                    PLAINTIFF

vs.                                   Civil No. 2:11-cv-02142

MICHAEL J. ASTRUE                                                                     DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Ginette Richardson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed her disability application on April 2, 2008.  (Tr. 9, 114-120). Plaintiff alleged she was disabled due to the following impairments:

> Degenerating spine, Bursitis in shoulder, knees, swelling in legs and feet, neck injury I have pain in my lower back, that causes pain to shoot down my left leg.  I have had swelling in my legs and feet.  My legs and feet cramp several times a day.  I have trouble climbing stairs or sitting.  I have been getting frequent headaches, and have trouble walking when I have the back pain.  I have to use walls to walk on bad days. I have pain in my left right arm just below the elbow.  Degenerative back condition neck injury migraines knees.

(Tr. 141). Plaintiff alleged an onset date of August 10, 2007. (Tr. 9, 114). This application was denied initially and again upon reconsideration. (Tr. 59-60).

Thereafter, on August 29, 2008, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 67-68). Plaintiff's administrative hearing was held on October 29, 2009 in Fort Smith, Arkansas. (Tr. 21-58). Plaintiff was present and was represented by Evelyn Brooks at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Monty Lumpkin testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI). (Tr. 32-33). Plaintiff had also obtained a bachelor's degree and had completed one year of technical training in graphic arts at the time of the hearing. *Id.*

On April 22, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 9-16). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 10, 2007, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, lumbar radiculopathy to the right leg, and migraines. (Tr. 11, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-14, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight-hour workday. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. She can frequently handle and finger. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. She can respond appropriately to supervision, co-workers, the general public, and usual work situations.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 14, Finding 6). The ALJ determined the demands of this PRW exceeded Plaintiff's RFC and found Plaintiff was unable to return to her PRW. *Id.* The ALJ also determined whether Plaintiff could perform other work, considering her age, education, RFC, and work experience. (Tr. 15, Finding 10). The VE testified at the administrative hearing on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as an assembler with 1,155 such jobs in Arkansas and 63,718 such jobs in the national economy; charge account clerk with 477 such jobs in Arkansas and 40,580 such jobs in the national economy; and addressing clerk with 190 such jobs in Arkansas and 25,132 such jobs in the national economy. *Id.* The ALJ then found Plaintiff had not been under a disability, as defined by the Act, from August 10, 2007 through the date of his decision or through April 22, 2010. (Tr. 15-16, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 2, 2011, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal

3

briefs. ECF Nos. 6-7. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments: (1) the ALJ's RFC determination is not supported by substantial evidence in the record; (2) the ALJ erred by failing to fully and fairly develop the record; and (3) the ALJ improperly assessed Plaintiff's credibility.  ECF No. 7.  Because this Court finds the ALJ improperly assessed Plaintiff's RFC, this Court will only address Plaintiff's first argument for reversal.

The ALJ has the responsibility to assess a claimant's RFC.  *See Reed v. Sullivan,* 988 F.2d 812, 815-16 (8th Cir. 1993).  That assessment must be based upon all of the relevant evidence, including "medical records, observations of treating physicians and others, and claimant's own

description of her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (citation omitted).

In the present action, the ALJ did not properly consider the evidence in the record when assessing Plaintiff's RFC. Notably, on June 24, 2008, Plaintiff was examined by Dr. Patty K. Pettway, M.D. (Tr. 229-237). Dr. Pettway examined Plaintiff at the direction of the SSA. *Id.* After examining Plaintiff, Dr. Pettway found she had "severe limitations" in walking, standing, lifting, and carrying. (Tr. 234). These limitations resulted from Plaintiff's diagnosed impairments of degenerative disc disease in her lumbar spine, obesity, nicotine addiction, chronic bronchitis, and lumbar radiculopathy in her right leg. *Id.* In his opinion, the ALJ briefly considered these findings but then discounted them because Plaintiff "had not been seen or treated by any physician" and had "denied [undergoing] any physical therapy or [taking] medications." (Tr. 12).

Even assuming the ALJ's decision to discount Dr. Pettway's findings was correct, it is more important that the ALJ improperly characterized these findings later in his opinion. Notably, later in his opinion, in assessing Plaintiff's subjective complaints, the ALJ relied heavily upon his finding that "no physician placed any functional restrictions on her activities that would preclude work activity with the previously-mentioned restrictions." *Id.* Indeed, this was the primary stated reason for discounting Plaintiff's subjective complaints. *Id.* This finding is incorrect. As noted above, after examining Plaintiff, Dr. Pettway found Plaintiff had *severe* restrictions in the areas of walking, standing, lifting, and carrying. (Tr. 234). It appears such restrictions would preclude Plaintiff from performing even sedentary work, and such restrictions are certainly greater than those found by the ALJ in assessing Plaintiff's RFC.

In summary, the ALJ first did not consider these restrictions and then improperly characterized them in discounting Plaintiff's subjective complaints. Accordingly, because the ALJ

improperly considered Dr. Pettway's findings and improperly made this determination, the ALJ's RFC determination is not supported by substantial evidence in the record, and this case should be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence.  Based upon this finding, this Court recommends Plaintiff's case be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 30th day of August 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE