IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GINETTE RICHARDSON                                                                                    PLAINTIFF

vs.                                             Civil No. 2:11-cv-02142

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 10.  Defendant has responded to this Motion and objects to a portion of the requested fees.  ECF No. 13.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this Motion to this Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court enters the following report and recommendation.

**1.      Background:**

Ginette Richardson ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On September 26, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 9.

On December 25, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  ECF No. 10.  With this Motion, Plaintiff requests an award of attorney's fees in the amount of $4,233.00, representing 24.90 hours from 2011 and 2012 at an hourly rate of $170.00.  *Id.*  Defendant responded to this Motion on December 28, 2012 and claims Plaintiff's requested fees should be reduced by 3.65 hours.  ECF No. 13.

2.      **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

2

unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 9. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 13. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $4,233.00, representing 24.90 hours of attorney work at an hourly rate of $170.00. ECF No. 10. This hourly rate of $170.00 is authorized by the EAJA as long as the CPI-South index justifies the enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, this requested hourly rate is authorized by CPI-South index. Thus, this hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $170.00 per attorney hour for the work performed in 2011 and 2012.

Further, the Court has reviewed Plaintiff's request for 24.90 hours of attorney work

performed during 2011 and 2012. ECF No. 10-1. Defendant objects to 2.25 hours of that work because he claims it was performed at the administrative level and objects to 1.40 hour of that work because he claims it is purely clerical in nature. ECF No. 13. Upon review of the entries from Plaintiff's attorney, the Court finds the 2.25 hours she expended reviewing Plaintiff's administrative documents were used to prepare for this appeal and were not used to perform work "at the administrative level." Specifically, Defendant objects to the following two entries:

| | | |
|---|---|---|
| 6/22/11 | Plaintiff receipt and initial preliminary review of AC denial dated 6/14/2011; memo to file regarding specific potential appeals points for federal district court complaint. | 1.00 Hour |
| 7/18/11 | Final review of unfavorable decision; confirmation that client had won second application; age 44; good medical evidence and two ALJ errors. | 1.25 Hour |

ECF No. 10-1. Because these entries do not request compensation for work performed at the administrative level but instead request time for preparing the appeal in this matter, this time is compensable under the EAJA and should be awarded.

Defendant also objects to 1.40 hour which he claims is sought for work purely "clerical in nature" which "cannot be compensated under the EAJA." ECF No. 13. Upon review of the disputed entries, the Court finds this requested time involves attorney review of the documents in this case or attorney communication with a client and do not involve solely clerical work such as filing or mailing of documents. ECF No. 10-1. For instance, Plaintiff seeks compensation for work performed on August 2, 2011 reportedly for her attorney's review of "ECF emails, routing of service of process, confirmation that IFP has been granted, letter to client." *Id.* Such work not only involved receipt of the "ECF emails" but also involved Plaintiff's attorney's review of those documents as

4

well as her communication with her client.  Accordingly, the Court also declines to grant Defendant's request and reduce Plaintiff's fees by 1.40 hour based upon Defendant's claim that this work was purely clerical in nature.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. ECF No. 13.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.     Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff be awarded **$4,233.00** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **9th day of January 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE